1                                                                              NA

2

3

4

5

6                      **IN THE UNITED STATES DISTRICT COURT**

7                          **FOR THE DISTRICT OF ARIZONA**

8

9    Anthony Eric Emerson,                         No.  CV 16-00229-TUC-DCB

10                        Plaintiff,

11   v.                                            **ORDER**

12   Corizon Incorporated, et al.,

13                        Defendants.

14

15   **I.      Background**

16          On February 16, 2016, Plaintiff Anthony Eric Emerson, who is confined in the

17   Arizona State Prison Complex-Tucson, filed a pro se civil rights Complaint pursuant to

18   42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed In Forma Pauperis in the United

19   States District Court for the Middle District of Tennessee, Nashville Division.  In a

20   February 29, 2016 Order, Senior District Judge William J. Haynes, Jr. denied the

21   deficient Application to Proceed with leave to refile.  On March 21, 2016, Plaintiff filed

22   an Emergency Motion for Injunctive Relief (Doc. 8).  On April 5, 2016, Plaintiff filed a

23   new, complete Application to Proceed In Forma Pauperis.  In an April 22, 2016 Order,

24   District Judge Waverly D. Crenshaw, Jr. granted the Application to Proceed and

25   transferred the action to this Court.

26          The Court will dismiss the Complaint with leave to amend and deny the

27   Emergency Motion for Injunctive Relief.

28   . . . .

## II.    Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

1   If the Court determines that a pleading could be cured by the allegation of other
2   facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal
3   of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).
4   Plaintiff's Complaint will be dismissed for failure to state a claim, but because it may
5   possibly be amended to state a claim, the Court will dismiss it with leave to amend.

6   **III.    Complaint**

7   Rule 3.4 of the Local Rules of Civil Procedure (the "Local Rules") requires in part
8   that "[a]ll complaints and applications to proceed *in forma pauperis* by incarcerated
9   persons shall be signed and legibly written or typewritten on forms approved by the Court
10  and in accordance with the instructions provided with the forms."   The instructions
11  provided with the court-approved civil rights complaint form states that a plaintiff may
12  only allege **"one violation per count."** (Emphasis in original.)  Plaintiff's Complaint has
13  not been filed using this District's court-approved form, as required by Local Rule 3.4,
14  and it does not appear to be limited to one violation per count.  Although the Court may,
15  in its discretion, forgo the requirement that a plaintiff use a court-approved form, *see*
16  LRCiv 3.4, it declines to do so here because Plaintiff's Complaint fails to substantially
17  comply with the court-approved form.

18  Therefore, because the Court is unable to conduct a meaningful review of
19  Plaintiff's Complaint, as required by 28 U.S.C. § 1915A(a), the Complaint will be
20  dismissed without prejudice and with leave to file an amended complaint that complies
21  with Local Rule 3.4.

22  **IV.    Leave to Amend**

23  For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to
24  comply with Local Rule 3.4.  Within 30 days, Plaintiff may submit a first amended
25  complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff
26  a court-approved form to use for filing a first amended complaint.  If Plaintiff fails to use
27  the court-approved form, the Court may strike the amended complaint and dismiss this
28  action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

If Plaintiff files an amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Plaintiff must repeat this process for each person he names as a Defendant. If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim. **Conclusory allegations that a Defendant or group of Defendants has violated a constitutional right are not acceptable and will be dismissed**.

In preparing an amended complaint, Plaintiff should be aware that not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth or Fourteenth Amendment. To state a § 1983 medical claim, a plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the

1    defendant's response was deliberately indifferent.  *Jett v. Penner*, 439 F.3d 1091, 1096

2    (9th Cir. 2006).

3           "Deliberate indifference is a high legal standard."  *Toguchi v. Chung*, 391 F.3d

4    1051, 1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must

5    both know of and disregard an excessive risk to inmate health; "the official must both be

6    aware of facts from which the inference could be drawn that a substantial risk of serious

7    harm exists, and he must also draw the inference."  *Farmer v. Brennan*, 511 U.S. 825,

8    837 (1994).    Deliberate indifference in the medical context may be shown by a

9    purposeful act or failure to respond to a prisoner's pain or possible medical need and

10   harm caused by the indifference.  *Jett*, 439 F.3d at 1096.  Deliberate indifference may

11   also be shown when a prison official intentionally denies, delays, or interferes with

12   medical treatment or by the way prison doctors respond to the prisoner's medical needs.

13   *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Jett*, 439 F.3d at 1096.

14          Deliberate indifference is a higher standard than negligence or lack of ordinary

15   due care for the prisoner's safety.  *Farmer*, 511 U.S. at 835.  "Neither negligence nor

16   gross negligence will constitute deliberate indifference." *Clement v. California Dep't of

17   Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*,

18   622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or

19   "medical malpractice" do not support a claim under § 1983).  "A difference of opinion

20   does not amount to deliberate indifference to [a plaintiff's] serious medical needs."

21   *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).  A mere delay in medical care,

22   without more, is insufficient to state a claim against prison officials for deliberate

23   indifference.  *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407

24   (9th Cir. 1985).  The indifference must be substantial.  The action must rise to a level of

25   "unnecessary and wanton infliction of pain."  *Estelle*, 429 U.S. at 105.

26          Plaintiff should also be aware that a viable claim of First Amendment retaliation

27   contains five basic elements: (1) an assertion that a state actor took some adverse action

28   against an inmate (2) because of (3) that prisoner's protected conduct, and that such

action (4) chilled the inmate's exercise of his First Amendment rights (or that the inmate suffered more than minimal harm) and (5) did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *see also Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claims requires an inmate to show (1) that the prison official acted in retaliation for the exercise of a constitutionally protected right, and (2) that the action "advanced no legitimate penological interest"). The plaintiff has the burden of demonstrating that his exercise of his First Amendment rights was a substantial or motivating factor behind the defendants' conduct. *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989).

Lastly, Plaintiff should be aware that in *Parratt v. Taylor*, 451 U.S. 527, 541 (1981), the Supreme Court held that due process is not violated when a state employee negligently deprives an individual of property, so long as the state makes available a meaningful post-deprivation remedy. The rationale underlying *Parratt* is that pre-deprivation procedures are impractical when the deprivation of property occurs through negligent conduct of a state employee because a state cannot know when such deprivations will occur. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Thus, "[w]here a government official's act causing injury to life, liberty, or property is merely negligent, 'no procedure for compensation is constitutionally required.'" *Daniels v. Williams*, 474 U.S. 327, 333 (1986) (emphasis added) (quoting Parratt, 451 U.S. at 548).

The logic of *Parratt* has been extended to intentional unauthorized deprivations of property by state actors because a state also cannot know when such deprivations will occur. *Hudson*, 468 U.S. at 533. As with negligent deprivations, where a state makes available a meaningful post-deprivation remedy, such as a common-law tort suit against a prison employee for intentional unauthorized deprivations, a federal due process claim is precluded. *Hudson*, 468 U.S. at 534-35; *King v. Massarweh*, 782 F.2d 825, 826 (9th Cir. 1986); *see Wright v. Riveland*, 219 F.3d 905, 918 (9th Cir. 2000) (both state tort law claims and prison grievance procedures provide adequate post-deprivation remedies).

1    Arizona tort law provides an adequate post-deprivation remedy, *see* Ariz. Rev.

2  Stat. § 12-821.01, and Arizona Department of Corrections inmates can use the inmate

3  grievance system to file claims seeking reimbursement for property loss or damage under

4  Department Order (DO) 909.09; both have been found to constitute adequate post-

5  deprivation remedies for negligent or intentional unauthorized deprivations of prisoner

6  property.  *See Dennison v. Ryan*, 522 Fed. App'x 414, 418 (9th Cir. 2013); *Robberson v.*

7  *Perkins*, No. CV 06-2898-PHX-MHM (DKD), 2007 WL 2422056, at *2 (D. Ariz. Aug.

8  22, 2007).

9  **V.     Emergency Motion for Injunctive Relief**

10    A preliminary injunction is "an extraordinary and drastic remedy, one that should

11  not be granted unless the movant, by a *clear showing*, carries the burden of persuasion."

12  *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam) (internal citation omitted).

13  Whether to grant or deny a motion for a preliminary injunction is within the Court's

14  discretion.  *See Miss Universe, Inc. v. Flesher*, 605 F.2d 1130, 1132-33 (9th Cir. 1979).

15  To obtain a preliminary injunction, the moving party must show "that he is likely to

16  succeed on the merits, that he is likely to suffer irreparable harm in the absence of

17  preliminary relief, that the balance of equities tips in his favor, and that an injunction is in

18  the public interest."  *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20

19  (2008).   In addition, the relief sought must be related to the merits of a plaintiff's

20  underlying claims. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (party "must

21  necessarily establish a relationship between the injury claimed in the party's motion and

22  the conduct asserted in the complaint").

23    Plaintiff has failed to address each of the foregoing factors, and it is not apparent

24  from his allegations that he is likely to succeed on the merits or suffer irreparable harm in

25  the absence of preliminary relief.  Moreover, the Court is unable to determine at this time

26  whether the relief requested in Plaintiff's Emergency Motion for Injunctive Relief relates

27  to conduct that will be asserted in any amended complaint.   Accordingly, Plaintiff's

28  Emergency Motion for Injunctive Relief will be denied without prejudice.

JDDL

**VI.    Warnings**

    **A.    Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a <u>non</u>-prisoner application to proceed in forma pauperis.  Failure to comply may result in dismissal of this action.

    **B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

    **C.    Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

    **D.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    The Complaint (Doc. 1) is **dismissed** without prejudice for failure to comply with Rule 3.4 of the Local Rules of Civil Procedure.  Plaintiff has **30 days** from the date this Order is filed to file an amended complaint in compliance with this Order.

(2)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action.

1       (3)    Plaintiff's Emergency Motion for Injunctive Relief (Doc. 8) is **denied**

2   without prejudice.

3       (4)    The Clerk of Court must mail Plaintiff a court-approved form for filing a

4   civil rights complaint by a prisoner.

5           Dated this 9th day of May, 2016.

6

7

8

9                                       David C. Bury

10                              United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing and Administrative Fees</u>.  The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee).  If you are unable to immediately pay the fees, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed *in forma pauperis* to:**

Revised 5/1/2013                    1

|                                         |        |                                    |
|-----------------------------------------|--------|------------------------------------|
| <u>Phoenix & Prescott Divisions</u>:    | **OR** | <u>Tucson Division</u>:            |
| U.S. District Court Clerk               |        | U.S. District Court Clerk          |
| U.S. Courthouse, Suite 130              |        | U.S. Courthouse, Suite 1500        |
| 401 West Washington Street, SPC 10      |        | 405 West Congress Street           |
| Phoenix, Arizona  85003-2119            |        | Tucson, Arizona  85701-5010        |

7. <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8. <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>         Attorney for Defendant(s)
> _____
> (Signature)

9. <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint. LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10. <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11. <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

 1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

 2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

 3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

 1.  <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

 2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

 3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

 You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

 You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

4

_____

Name and Prisoner/Booking Number

_____

Place of Confinement

_____

Mailing Address

_____

City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| _____, ) | |
| (Full Name of Plaintiff)   Plaintiff, ) | |
| ) | **CASE NO.** _____ |
| vs. ) | (To be supplied by the Clerk) |
| (1) _____, ) | |
| (Full Name of Defendant) ) | |
| (2) _____, ) | **CIVIL RIGHTS COMPLAINT** |
| ) | **BY A PRISONER** |
| (3) _____, ) | |
| ) | |
| (4) _____, ) | ☐ Original Complaint |
| Defendant(s). ) | ☐ First Amended Complaint |
| ☐ Check if there are additional Defendants and attach page 1-A listing them. ) | ☐ Second Amended Complaint |

## A.  JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:

☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983

☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).

☐ Other: _____.

2.    Institution/city where violation occurred: _____.

**550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____. The first Defendant is employed as:
    _____ at _____.
                    (Position and Title)                                   (Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:
    _____ at _____.
                    (Position and Title)                                   (Institution)

3.  Name of third Defendant: _____. The third Defendant is employed as:
    _____ at _____.
                    (Position and Title)                                   (Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
    _____ at _____.
                    (Position and Title)                                   (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?          ☐ Yes          ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies:**
a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                    ☐ Yes     ☐ No
b.    Did you submit a request for administrative relief on Count I?         ☐ Yes     ☐ No
c.    Did you appeal your request for relief on Count I to the highest level?   ☐ Yes     ☐ No
d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

**COUNT II**

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities     ☐ Mail     ☐ Access to the court    ☐ Medical care
    ☐ Disciplinary proceedings   ☐ Property    ☐ Exercise of religion   ☐ Retaliation
    ☐ Excessive force by an officer   ☐ Threat to safety ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☐ Yes   ☐ No
    b.  Did you submit a request for administrative relief on Count II?    ☐ Yes   ☐ No
    c.  Did you appeal your request for relief on Count II to the highest level?   ☐ Yes   ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

## COUNT III

1.  State the constitutional or other federal civil right that was violated: _____
    _____.

2.  **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities          ☐ Mail            ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings   ☐ Property        ☐ Exercise of religion     ☐ Retaliation
    ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

    _____
    _____
    _____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                 ☐ Yes   ☐ No
    b.  Did you submit a request for administrative relief on Count III?                  ☐ Yes   ☐ No
    c.  Did you appeal your request for relief on Count III to the highest level?         ☐ Yes   ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
        _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____        _____
                                DATE                                                   SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.